IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WENDY SHARP, Individually, and as Administrator of the Estate of Milton Sharp, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:17-CV-3181-SCJ |
| v. | : : | |
| ST. JUDE MEDICAL S.C., INC., et al., | : : | |
| Defendants. | | |

**O R D E R**

This matter is before the court on a *sua sponte* review of subject matter jurisdiction. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279–80 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding.").

A review of the record shows that Plaintiff filed this action on August 22, 2017, alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(2). Doc. No. [1], p. 9, ¶ 22.

Under § 1332, a district court has jurisdiction only if the parties are citizens of different states and the amount in controversy exceeds $75,000. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

AO 72A
(Rev.8/82)

Plaintiff has the burden "to demonstrate that diversity exists by a preponderance of the evidence." Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1340 (11th Cir. 2011).

A review of the Complaint (Doc. No. [1]) shows that Plaintiff has utilized residency pleading in paragraphs thirteen and fifteen of the Complaint. Doc. No. [1], ¶¶ 13, 15. Said allegations fail to meet Plaintiff's burden to demonstrate that this Court has diversity jurisdiction in that Plaintiff has failed to correctly plead citizenship. The Eleventh Circuit has made clear that residency pleading is not sufficient. See Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013)(citations omitted) ("As we indicated in remanding this case for jurisdictional findings, the allegations in [plaintiff's] complaint about her citizenship are fatally defective. Residence alone is not enough. 'Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.' And domicile requires both residence in a state and 'an intention to remain there indefinitely . . . .'"); see also Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person.").

Plaintiff has also utilized the term "headquartered" as opposed to "principal place of business" to describe St. Jude Medical, Inc., St. Jude Medical, S.C., Inc., Pacesetter, Inc., and Abbott Laboratories, Inc. While the Supreme Court has recognized that the principal place of business "should normally be the place where

AO 72A
(Rev.8/82)

the corporation maintains its headquarters," that is provided that headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not "simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010). The Court is without sufficient information in the Complaint to make this decision. Accordingly, in the interest of caution, Plaintiff is ordered to replead and allege the principal place of business of St. Jude Medical, Inc., St. Jude Medical, S.C., Inc., Pacesetter, Inc., and Abbot Laboratories, Inc. as opposed to mere headquarters. See 28 U.S.C. § 1332(c)(1)("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

To this regard, Plaintiff is ordered to **SHOW CAUSE** through an amended complaint (that corrects the above-stated deficiencies) as to why this action should not be dismissed for lack of subject matter jurisdiction no later than **5 p.m., September 20, 2017.**

**IT IS SO ORDERED,** this 29th day of August, 2017.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)